UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Edgar T., | Civ. No. 26-3181 (PAM/DJF) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| Todd Blanche, Acting Attorney General of the United States; Markwayne Mullin, Secretary of the Department of Homeland Security; David Venturella, Acting Director of United States Immigration and Customs Enforcement; David Easterwood, Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement; and Ryan Shea, Sheriff of Freeborn County, in their official capacities, | |
| Respondents. | |

This matter is before the Court on Petitioner Edgar T.'s Petition for Writ of Habeas Corpus. ("Pet." (Docket No. 1).) For the following reasons, the Court denies the Petition.

**BACKGROUND**

Petitioner is a citizen of Mexico. (Id. ¶¶ 3, 30.) He entered the United States without inspection and claims to have lived in the country for more than seven years. (Id.) On May 3, 2026, Petitioner was arrested on suspicion of driving while intoxicated. (Id. ¶ 5.) He was released from jail on May 4, 2026, and Immigration and Customs Enforcement ("ICE") detained him. (Id. ¶¶ 5, 6.) Also on May 4, 2026, Respondents served Petitioner with a Notice to Appear charging him as an alien present in the United States who has not

been admitted or paroled and lacking any valid unexpired passport, travel document, or immigrant visa.  (Docket No. 5-2.)  Respondents also served him with a Form I-200 Warrant for Arrest of Alien.  (Docket No. 5-3.)  He remains in Respondents' custody at the Freeborn Adult Detention Center in Albert Lea, Minnesota.  (Pet. ¶¶ 6–7, 18.)

**DISCUSSION**

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, asking the Court to order his immediate release.  The Petition alleges Respondents violated Petitioner's constitutional rights, the Immigration and Nationality Act, the Accardi doctrine, the Administrative Procedures Act, and various bond regulations.  Respondents contend that his detention is mandatory pending removal proceedings under § 1225(b)(2).

Under § 1225(b)(2)(A), if an immigration officer inspects an alien and determines that he is not clearly entitled to stay in the United States, the alien's arrest and detention are mandatory.  See 8 U.S.C. § 1225(b)(2)(A).  That is precisely what occurred here.  Petitioner's detention is thus mandatory.  See Avila v. Bondi, 170 F.4th 1128, 1136 (8th Cir. 2026) (explaining that "§ 1225(b)(2)(A) mandates the detention of unadmitted aliens already present inside the United States").

Therefore, Petitioner's due process claims are without merit.  Detention "pursuant to a constitutionally legitimate statute promulgated by Congress is not a due process violation." Brayam G. v. Easterwood, Civ. No. 26-1985, at *3–4 (D. Minn. April 15, 2026) (Traynor, J.).  The statute is silent as to bond hearings.  He is not entitled to a bond hearing or release, so there was no violation of due process or any bond regulation.

Petitioner's remaining claims fare no better. Section § 1225(b)(2) contains no warrant requirement, but, even so, Respondents served him with a Form 1-200 Warrant of Arrest. His claim as to an unlawful arrest thus fails. Finally, Petitioner's remaining Immigration and Nationality Act and regulatory claims fail because Respondents cannot have violated laws and regulations that do not apply in this matter.

The Court concludes that Petitioner is not entitled to the habeas relief that he seeks, and thus denies his Petition.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that:**

1. The Petition (Docket No. 1) is **DENIED**; and

2. This action is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 1, 2026

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge

3